Filed 11/6/23  P. v. Rollarson CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085765 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SUF12215) |
| CLEVELAND ROLLARSON, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Steven K. Slocum, Judge.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Poochigian, Acting P. J., Detjen, J. and Franson, J.

## INTRODUCTION

Petitioner Cleveland Rollarson petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his first degree murder conviction. The superior court denied the petition at the prima facie stage, without an evidentiary hearing, after determining the record of conviction established petitioner intentionally killed the victim.

On appeal, petitioner argues the superior court erred in denying his petition at the prima facie stage. We affirm.

## PROCEDURAL BACKGROUND[2]

"In an amended information filed in Merced County Superior Court, [petitioner] was charged with multiple violations of the Penal Code. Robert [M.][3] was the victim in counts I through V: count I, section 187 (murder); count II, section 211 (robbery); count III, section 286, subdivision (d) (sodomy); count IV, section 289, [former] subdivision (a) (forceful sexual penetration of the anal opening with a foreign object[)]; count V, section 207 (kidnapping).

"In count I, special circumstances alleged the murder was committed as follows: First, during or in flight immediately after the robbery; second, during or in flight immediately after the kidnapping; third, during or in flight immediately after the sodomy; fourth, during or in flight immediately after the oral copulation ([former] § 288a); fifth, intentionally and involved infliction of torture.

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 has been renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

[2] We dispense with a statement of facts as the facts underlying the offenses are not relevant to our disposition.

[3] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

"Enhancements were also alleged: count II, section 12022.7 (inflicting great bodily injury during the robbery); count III, [former] section 1203.065 (use of force, violence, duress, or threat of great bodily injury during the sodomy); and section 12022.8 (infliction of great bodily injury in commission of the sodomy); count IV, [former] section 1203.065 (commission of sexual penetration by force, violence, etc.), and section 12022.8 (infliction of great bodily injury during commission of the forceful penetration); count V, section 12022.7 (inflicting great bodily injury during the kidnapping).

"In counts VI through XI, Cary [W.] was the alleged victim: count VI, section 664, 187 (attempted murder); count VII, section 211 (robbery); count VIII, [former] section 288a, subdivision (d) (forceful oral copulation in concert); count IX, section 286, subdivision (d) (sodomy); count X, section 289, [former] subdivision (a) (forceful sexual penetration of the anal opening with a foreign object); count XI, section 207 (kidnapping).

"Enhancements were alleged in each count: count VI, section 12022.7 (infliction of great bodily injury during the attempted murder); count VII, section 12022.7 (infliction of great bodily injury during the robbery); count VIII, [former] section 1203.065 (commission of oral copulation by force, etc.); count IX, [former] section 1203.065 (commission of sodomy by force, etc.); count X, [former] section 1203.065 (sexual penetration by force, etc.), and section 12022.8 (infliction of great bodily injury during the forceful sexual penetration); count XI, section 12022.7 (infliction of great bodily injury during commission of the kidnapping). As to counts I and XI, it was further alleged [petitioner] violated section 1203.075 (personally inflicting great bodily injury on both victims during the offenses), and that he had a prior serious felony within the meaning of section 667, subdivision (a)." (*In re Rollarson* (Oct. 16, 1987, F007760) [nonpub. opn.], fn. omitted.)

"Shortly after it began, the jury trial was ended when a disposition of the case was agreed to by all parties. In a negotiated plea, [petitioner] pled guilty to the first degree

3.

murder of [Robert], with two special circumstances:  the murder was carried out during commission of a robbery, and involved infliction of torture (count I, and the first and fifth special circumstances).  [Petitioner] also pled guilty to the robbery (count VII) and kidnapping (count XI) of [Cary].  As to the kidnapping, [petitioner] further admitted inflicting great bodily injury and committing the crime with the intent to inflict such injury during its commission (enhancement No. 1, § 12022.7).  The plea was an exchange for the opportunity to avoid a possible death sentence, and for concurrent sentences.

"[Petitioner] was sentenced as follows:  count I (murder with two special circumstances), the principal term of life without possibility of parole; count VI (robbery), the upper term of five years, to run concurrent; count XI (kidnapping), the upper term of seven years, also to run concurrent, plus a three-year concurrent sentence for the section 12022.7 enhancement."  (*In re Rollarson*, *supra*, F007760.)

On appeal, this court modified the judgment in ways not relevant here and otherwise affirmed.  (*In re Rollarson*, *supra*, F007760.)

On January 19, 2022, petitioner filed a petition for resentencing pursuant to section 1172.6.  Counsel was appointed.  The People opposed the petition on the ground petitioner was either the actual killer, acted with intent to kill in aiding and abetting the murder, or was a major participant in an underlying felony and acted with reckless indifference to human life.[4]  The People later filed supplemental briefing, once again arguing petitioner was ineligible for resentencing as the actual killer.  The People pointed out petitioner had admitted, during his plea colloquy, that he committed willful and intentional murder.  Petitioner filed no reply to either of the People's briefs.

---

[4] The People also pointed out that the court had denied petitioner's prior petition for resentencing, filed January 25, 2019, on the ground petitioner was the actual killer. The 2019 petition is not contained in the record on appeal in the instant case.  The court's ruling on the prior petition was attached to the People's opposition to the instant petition.

4.

The court denied the petition on February 3, 2023. The court determined that "[t]he record of conviction supports only one conclusion, that petitioner could still be convicted of murder today because he was the actual killer. Petitioner admitted to the killing when he took the plea. Petitioner not only pled guilty to the murder, he also admitted the special circumstance that the murder was intentional and involved the infliction of torture." The court determined these facts conclusively refuted the allegations in the petition and rendered petitioner ineligible for resentencing.

## DISCUSSION

### I.    Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, *People v. Strong* (2022) 13 Cal.5th 698, 707-708 (*Strong*).) The bill amended the natural and probable consequences doctrine by requiring that a principal act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*).) The bill amended the felony-murder rule by providing that a participant in a qualifying felony is liable for murder only if the victim was a peace officer in the performance of his or her duties, or the defendant was the actual killer, aided and abetted the actual killer in the commission of first degree murder with the intent to kill, or was a major participant in the felony and acted with reckless indifference to human life. (§ 189, subds. (e), (f); accord, *Strong*, at p. 708.)

Senate Bill No. 1437 also added former section 1170.95, now renumbered as section 1172.6, which provides a procedure for persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under

5.

which malice is imputed to a person based solely on that person's participation in a crime, [or] attempted murder under the natural and probable consequences doctrine" to seek vacatur of the conviction and resentencing. (§ 1172.6, subd. (a); accord, *Gentile*, *supra*, 10 Cal.5th at p. 853.) Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)-(c); accord, *Strong*, *supra*, 13 Cal.5th at p. 708.) In making this determination, the court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971 (*Lewis*).) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at pp. 971-972.)

If the trial court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1172.6, subds. (c), (d)(1).) At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).) Significantly, "[a] finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid*.)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.     Petitioner is Ineligible for Resentencing

Petitioner contends his plea and plea colloquy do not establish his ineligibility for resentencing as a matter of law.  We disagree.

Petitioner pled guilty to first degree murder and admitted robbery-murder and torture-murder special circumstances.  (*In re Rollarson*, *supra*, F007760.)  At the time petitioner committed this offense, section 190.2 provided, as it does now, for a sentence of death or life without the possibility of parole if "[t]he murder was intentional and involved the infliction of torture."  (§ 190.2, subd. (a)(18).)  Section 190.2 also provided for a sentence of death or life without the possibility of parole if the murder was committed while the defendant was engaged in or was an accomplice in the commission of, attempted commission of, or immediate flight after committing a robbery.  (§ 190.2, former subd. (a)(17).)  At that time, these special circumstances could be applied only to actual killers and others who intentionally aided or abetted the commission of murder in the first degree.  (§ 190.2, former subd. (b).)

During the plea colloquy, the following exchange occurred:

> "THE COURT:  . . . What is your understanding, starting with Count I, of the nature of that charge?  What do you understand the charge to be?
>
> "[PETITIONER]:  Intentionally killing.
>
> "THE COURT:  All right.  As far as Count I goes, then you understand that the count includes that this murder was wilfull [*sic*] and unlawful and do you understand that you're pleading that you intentionally did that; is that absolutely clear to you?
>
> "[PETITIONER]:  Yes.
>
> "THE COURT:  All right.  And the nature of the first special circumstance, do you understand the nature of that?
>
> "[PETITIONER]:  Yes.
>
> "THE COURT:  What is that, please?

7.

"[PETITIONER]: Intention murder plus robbing in the act of the murder.

"THE COURT: That is correct. And what do you understand the nature of the 5th special circumstance to be?

"[PETITIONER]: Intentional murder plus torturing in an act of murder.

"THE COURT: All right."

The court then asked, "Is this what you did in each of these occasions, was there an intentional killing in Count I?" Petitioner responded affirmatively. The court then took petitioner's plea as follows:

"THE COURT: And in reference to that first count, how do you plead to the murder being intentionally done by you?"

"[PETITIONER]: Guilty."

Petitioner also pled guilty to the special circumstance that "the murder was committed while [petitioner] was engaged in or was an accomplice in the commission of or attempted commission of or the immediate flight after committing or attempting to commit robbery," and that "the murder was intentional and involved the infliction of torture."

In sum, petitioner pled guilty to the murder and admitted the murder was "intentionally done by [him]." He also admitted both special circumstances, which at the time required at a minimum that he intentionally aided and abetted the commission of first degree murder. (§ 190.2, former subd. (b).) By admitting the special circumstances and his intentional commission of the murder, he admitted facts necessary to sustain his murder conviction under a theory of murder that remains valid.[5] (§§ 188, subd. (a)(3),

_____

[5] Petitioner incorrectly asserts that "an aider and abettor to felony-murder is ineligible under . . . section 1172.6 only if they were 'a major participant in the underlying felony and acted with reckless indifference to human life.' " Under current law, a person also may be convicted of felony murder if he or she was the actual killer or

8.

189, subd. (e); see § 1172.6, subd. (a).) (See *People v. Rivera* (2021) 62 Cal.App.5th 217, 234 ["In some cases, the record may reveal that a defendant admitted *more* than the elements of the offense charged, and such additional admissions may preclude relief under section [1172.6].]"; see also *People v. Romero* (2022) 80 Cal.App.5th 145, 152-153.) Accordingly, petitioner is ineligible for resentencing as a matter of law, and the petition was properly denied.

## DISPOSITION

The order is affirmed.

---

aided or abetted the commission of first degree murder with the intent to kill. (§ 189, subd. (e)(1), (2).)